**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **SYLVESTER JAMISON, (R21155) and ALI EVANS, (K83175),** | ) ) ) | |
| **Plaintiffs,** | ) ) | No. 12 C 0242 |
| v. | ) ) | Judge Ronald A. Guzmán |
| **COMMANDER WILLIAM FRANKO, and SUPERINTENDENT SCOTT BRATLIEN, incorrectly sued as SCOTT BRADLEY,** | ) ) ) ) ) ) | |
| **Defendants.** | ) | |

**MEMORANDUM OPINION AND ORDER**

*Pro se* plaintiffs Sylvester Jamison and Ali Evans, Illinois Department of Corrections inmates, have sued Cook County Jail Commander William Franko and Superintendent Scott Bratlien pursuant to 42 U.S.C. § 1983, claiming that defendants wrongfully kept them in disciplinary segregation at Cook County Jail ("the Jail"). Defendants have filed a Federal Rule of Civil Procedure ("Rule") 56 motion for summary judgment. For the reasons set forth below, the Court grants the motion.

**Discussion**

As an initial point, defendants are correct that plaintiffs failed to comply with the requirements of Local Rule 56.1. However, plaintiffs are proceeding *pro se*.[1] Due to plaintiffs' *pro se* status, the Court has reviewed the record in full. It is clear that the parties do not dispute the facts

---

[1] Plaintiffs never asked the Court to recruit counsel to assist them, perhaps because they were assisted by fellow inmate Larry Maurice Banks, who is extremely litigious. *See In re Banks*, No. 13 C 1014 (N.D. Ill.).

at issue, and the record does not suggest any "unanswered questions" from discovery that remain as a result of plaintiffs' *pro se* status. *Junior v. Anderson*, __ F.3d __, 2013 WL 3886791, at *4 (7th Cir. July 30, 2013). Thus, the Court proceeds with the summary judgment ruling.

"The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Wackett v. City of Beaver Dam*, 642 F.3d 578, 581 (7th Cir. 2011). The Court may not weigh conflicting evidence or make credibility determinations, but the party opposing summary judgment must point to evidence demonstrating a genuine dispute of material fact. *Omnicare, Inc. v. UnitedHealth Grp., Inc.*, 629 F.3d 697, 705 (7th Cir. 2011) (citations omitted). The moving party has the initial burden of showing there is no genuine dispute and he is entitled to judgment as a matter of law. *Carmichael v. Vill. of Palatine*, 605 F.3d 451, 460 (7th Cir. 2010) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). If the moving party meets this burden, the non-moving party must respond with specific facts showing that the jury could find in his favor, and that there is a genuine dispute that needs to be adjudicated at trial. *Carmichael*, 605 F.3d at 460 (citing *Anderson*, 477 U.S. at 251-52; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)).

The Prison Litigation Reform Act provides that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . , or any other Federal law, by a prisoner confined to any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see Woodford v. Ngo*, 548 U.S. 81, 84 (2006); *Dole v. Chandler*, 438 F.3d 804, 808 (7th Cir. 2006). A prisoner is required to utilize a jail grievance system before filing a section 1983 claim so that jail officials have an opportunity to take remedial action. *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002); *Dole*, 438 F.3d at 809; *Massey v. Helman*, 196 F.3d 727,

733 (7th Cir. 1999). Exhaustion requires "a prisoner [to] file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Brengettcy v. Horton*, 423 F.3d 674, 682 (7th Cir. 2005) (quotation omitted).

There is no dispute that Jamison did not file a grievance at any time. (*See* Def.'s Ex. A, Jamison Dep. at 141-42.) Instead, he attempted to rely upon the grievance filed by fellow inmate Larry Maurice Banks. (*Id.*) As the Court has previously ruled, however, Jamison cannot rely on Banks' grievance to satisfy the exhaustion requirement. *Jamison v. Franko*, No. 12 C 0098, 2013 WL 1093118, at *4 (N.D. Ill. Mar. 15, 2013); *see* Defs.' Ex. D, Johnson Aff. ¶ 4 ("The Inmate Grievance Procedure does not authorize one inmate to prepare and file grievances on behalf of another."). Because the record establishes that Jamison did not exhaust administrative remedies, defendants are entitled to summary judgment on his claim.

Turning to Evans, the record shows that he submitted a grievance on November 30, 2011. (Def.'s Ex. B, Evans Dep. Ex. 4, Grievance.) According to the Jail's grievance system, correction officials had thirty days, or until December 30, 2011, to respond to it. Evans did not receive a response by that date. (*See* Def.'s Ex. D, Johnson Aff. ¶ 8.) Thus, on January 12, 2012, he filed this suit.[2]

There is no dispute that Evans did not file an appeal of his grievance, which is required to exhaust administrative remedies. He claims, however, that he could not appeal because the Jail did not respond to his grievance, effectively making the process unavailable to him. *See Dole v.*

---

[2] In theory, the suit was filed earlier than January 12, 2012. January 12th is the date the complaint was received by the Court. There is no proof of service to show when the complaint was submitted to jail officials with sufficient postage to allow for the benefit of the mailbox rule of *Houston v. Lack,* 487 U.S. 266 (1988). The Court uses the January 12th date because it is the most favorable date possible for Evans in the record.

*Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) (stating that the exhaustion requirement is excused if jail officials' failure to respond to a grievance renders the grievance process unavailable).

But as *Ford v. Johnson*, 362 F.3d 395 (7th Cir. 2004) illustrates, a grievance process is not unavailable simply because the prison's response to a grievance is tardy. Though the prison officials in *Ford* were required to rule on inmate appeals within sixty days "whenever possible," it took them six months to rule on Ford's appeal. *Id*. When the sixty-day period set forth in the regulations had elapsed, Ford filed suit, arguing that he had exhausted all of the remedies that were available to him. *Id.* The Seventh Circuit disagreed:

> [The] regulation provides that decision will be rendered within 60 days of the appeal "whenever possible." That means, Ford contends, that once 60 days have expired without a decision, the administrative process is no longer "available" and the prisoner may start the litigation. That's a non-sequitur. An aspiration to act quickly "whenever possible" does not mean that the prison system tosses out the papers and closes the files after two months . . . . Some appeals are simple and will be wrapped up within two months; others are more complex. . . . Section 1997e(a) applies to all grievances, not just to the simple ones. Illinois made a process available to Ford; he had to stick with that process until its conclusion rather than make a beeline for court just because the administrative officials gave his appeal the time needed to resolve it.

*Id*.; *see Dole*, 438 F.3d at 812 (stating that an inmate must do "all that is reasonable to exhaust his administrative remedies"). Like the plaintiff in *Ford*, Evans made a "beeline" to court – getting his complaint through the prison and U.S. Mail systems and on file with this Court less than two weeks after the response was due – as soon as the Jail's response time elapsed. As in *Ford*, however, Evans' haste does not mean the Jail's grievance process was unavailable to him.[3]

---

[3] Exactly where the line is between a late response and an unavailable process is unclear. What is clear, however, is that the prison's delay and the inmate's efforts must be far greater than in this case for the process to be deemed unavailable. *See Dole*, 438 F.3d 807-08 (process unavailable to inmate who, over eighteen-month period, filed three different grievances and repeatedly asked jail officials about them before filing suit); *Brengettcy*, 423 F.3d at 678 (grievance process unavailable given Jail's failure to respond to inmate's grievance and inquiries about it and his follow-up grievance during four-month period after response was due).

**Conclusion**

The record establishes that Jamison and Evans did not exhaust administrative remedies before filing this suit. Accordingly, the Court grants defendants' motion for summary judgment [23], and dismisses plaintiffs' claims without prejudice for failure to exhaust. *See Ford*, 362 F.3d 395, 401 (7th Cir. 2004) ("*[A]ll* dismissals under § 1997e(a) should be without prejudice.") (emphasis original). This case is terminated.

**SO ORDERED.**               ENTERED: September 13, 2013

_____
**HON. RONALD A. GUZMAN**
**United States District Judge**